983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald GINNETTI, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 92-3198.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1992.
 
 Before BOYCE F. MARTIN, JR. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald Ginnetti applied for disability insurance benefits, pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, et seq., on two separate occasions relevant to this appeal. Ginnetti received benefits for kidney disease under his first application, filed in June 1976, until the Social Security Administration notified him in March 1983 that his eligibility had terminated in 1978. Ginnetti then filed another application, based on heart disease. The Administration granted this application, but deducted amounts from his payments to recoup overpayments made to Ginnetti between 1978 and 1983. Ginnetti appeals the district court's order affirming the decision of the Secretary of Health and Human Services to recoup the overpayments made to Ginnetti.
 
 
 2
 Donald Ginnetti, the claimant, is a 54-year-old man with a high school education. Ginnetti first became disabled in March 1976 due to kidney disease, and he filed his first application for disability insurance benefits in June 1976. After receiving a kidney transplant, Ginnetti returned to work as a self-employed real estate agent in January 1978. He worked through 1978 and sporadically in 1979. During this time, Ginnetti continued to receive disability benefits, even though he had returned to substantial gainful activity. In March 1983, Ginnetti received notice from the Social Security Administration that his eligibility for benefits under this application had expired in December 1978. The Administration based this determination on its finding that Ginnetti had surpassed the nine-month trial work period allowed under 20 C.F.R. § 404.1592, by continuing to work through October 1978. Therefore, his eligibility for benefits expired on December 31, 1978, after a three-month grace period. The Administration also notified Ginnetti that he had received a substantial overpayment between 1978 and 1983. Ginnetti appealed these findings, and an administrative law judge determined that Ginnetti was at fault in receiving the overpayments. Moreover, the district court ultimately affirmed the finding of fault.
 
 
 3
 In the meantime, Ginnetti filed a new disability application on July 13, 1983 based on heart disease. The Administration granted the application, but it reduced Ginnetti's monthly payments to recoup the overpayments that he had received between 1978 and 1983. Ginnetti appealed the reduction of his benefits, arguing that the Secretary should waive recoupment of benefits in this case. The district court found that the Social Security Act, 42 U.S.C. § 404(b), prohibits recoupment of overpayments only when the claimant is "without fault" in receiving an overpayment and when recoupment would defeat the purpose of the Act or be against equity and good conscience. Relying on the previous determination that Ginnetti was at fault, the district court found that Ginnetti's case did not warrant waiver of recoupment. For the following reasons, we affirm the district court's decision.
 
 
 4
 The "doctrine of collateral estoppel, or issue preclusion, dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Leaman v. Ohio Dept. of Mental Retardation, 825 F.2d 946, 964 (6th Cir.1987), cert. denied, 487 U.S. 1204 (Merritt, J., dissenting on other grounds) (citations omitted). Therefore, "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose." Olchowik v. Sheet Metal Workers Int'l Ass'n, 875 F.2d 555, 557 (6th Cir.1989) (quoting United States v. Utah Constr. Co., 384 U.S. 394 (1966)). The classic test for determining whether the doctrine of issue preclusion applies involves analysis of three factors: (1) whether the issue is identical to that actually decided by another decisionmaker; (2) whether the issue was necessary to the earlier judgment; and (3) whether the party against whom preclusion would operate had a full and fair opportunity to litigate the issue. Id.
 
 
 5
 The facts and procedural history of this case meet the classic test for issue preclusion on the issue of whether Ginnetti was "without fault" in receiving overpayments of benefits. A previous decisionmaker, a United States Magistrate Judge, affirmed the decision of an administrative law judge that Ginnetti was at fault in accepting overpayments. The district court also affirmed this determination, and Ginnetti did not appeal this issue further. The determination of fault was necessary to the judgment in the previous case because Ginnetti had contested the Secretary's notice that he was liable for overpayment. Finally, Ginnetti had a full and fair opportunity to litigate the issue of fault at the administrative, magistrate, and district court levels. At each level, the adjudicating body found Ginnetti at fault and therefore, liable for restitution of the overpayment. Ginnetti did not appeal the determination of fault to this court; therefore, the doctrine of issue preclusion prevents this court from reconsidering the issue.
 
 
 6
 Moreover, even if this court were to evaluate the issue of Ginnetti's fault in accepting overpayments of benefits, we would determine that substantial evidence supports the finding of fault. See Watson v. Sullivan, 940 F.2d 168 (6th Cir.1991). The determination of whether the claimant is without fault is the threshold inquiry in the decision of whether waiver of recoupment is appropriate. Id. at 171. See also 42 U.S.C. § 404(b). A claimant is at fault in receiving overpayments when the incorrect payment results from one of the following: (1) failure to furnish information which the individual knew or should have known was material; (2) an incorrect statement by the individual which he knew of should have known was incorrect; or (3) failure to return a payment which the individual knew of could have been expected to know was incorrect. 20 C.F.R. § 416.552.
 
 
 7
 Substantial evidence supports the Secretary's determination that Ginnetti was at fault in receiving overpayments of disability benefits. Ginnetti failed to notify the Social Security Administration that he had returned to substantial gainful activity. Moreover, Ginnetti submitted a statement to the Administration in which he falsely claimed that he had not worked since he first began receiving benefits in 1976. Accordingly, waiver of recoupment by the Secretary is inappropriate because Ginnetti was at fault in receiving overpayments.
 
 
 8
 The judgment of the district court is hereby affirmed.